J-A26025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TARA R. EVERETTS | : | |
| | : | |
| Appellant | : | No. 330 WDA 2018 |

Appeal from the Judgment of Sentence January 29, 2018
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s):  CP-03-SA-0000066-2017

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 24, 2018**

Tara R. Everetts ("Appellant") appeals from the judgment of sentence imposed following her conviction of harassment, 18 Pa.C.S. § 2709(a)(1), on summary appeal.  We affirm.

The trial court summarized the facts of record as follows:

The Commonwealth's sole witness was the alleged victim in the case, Patricia Everetts, who is [Appellant's] mother-in-law.[1] [Appellant] and her husband are in the process of obtaining a divorce.  They have two children.  Ms. Everetts testified that on June 11, 2017, [Appellant] arrived unannounced [at Ms. Everetts'] home.  At the time, Mr. Everetts was sitting outside in the gazebo adjacent to the home.  Ms. Everetts testified that [Appellant] approached Mr. Everetts and was yelling.  When Ms. Everetts exited the house, [Appellant] attacked her, pulling her hair, grabbing her neck, and clinching her fist to hit her.  Mr. Everetts then intervened, telling [Appellant] that she had "better not" hit Ms. Everetts.  [Appellant] ceased and quickly left the scene.

_____

[1] The [c]ourt will refer to Patricia Everetts and her husband [as] "Ms. Everetts" and "Mr. Everetts,"

respectively. [Appellant] and her husband both will be referred to as such.

[Appellant] testified on her own behalf, recounting the same basic facts. She testified conversely, however, that when Ms. Everetts came out of the house, she threw a portable telephone receiver at [Appellant] and then attacked her. [Appellant] claimed that her actions in grabbing Ms. Everetts were in self-defense. She further testified that Mr. Everetts approached her during the skirmish and was preparing to punch her, when Ms. Everetts intervened and stopped him. Thus, the material difference in the two stories was each witness' contrary accusation that the other was the aggressor.

Trial Court Opinion, 4/11/18, at 1–2.

The police charged Appellant with harassment on July 10, 2017. A magisterial district justice found Appellant guilty on August 21, 2017, and imposed sentence. Appellant filed a summary appeal on September 20, 2017. The trial court conducted a bench trial on January 29, 2018. During the trial, defense counsel attempted to cross-examine Ms. Everetts about a potential motive for fabricating the harassment allegation. Specifically, defense counsel tried to question Ms. Everetts about whether a conviction would jeopardize Appellant's job as an x-ray technician. N.T., 1/29/18, at 14. When the Commonwealth objected to the questioning as irrelevant, defense counsel informed the trial court that someone had sent an anonymous letter to Appellant's employer in September of 2017, along with a copy of the district court docket. *Id.* at 15 and Exhibit A. Defense counsel explained to the trial court that he intended to show that Mr. Everetts had sent the letter and docket sheet to endanger Appellant's employment. *Id.* The trial court sustained the

Commonwealth's objection and prohibited any defense questions about the letter and docket sheet; it also prohibited defense questions to Appellant about other actions taken by Ms. Everetts and Appellant's husband, proffered in an attempt to discredit Ms. Everetts. *Id.* at 15, 27–30, 32–33.

Following the bench trial, the trial court found Appellant guilty and sentenced her to pay a fine of $150, together with costs and fees. Order of Court, 1/29/18. This appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following question for our consideration:

I. Did the lower court commit reversible error when it sustained the Commonwealth's objections to the relevance of defense counsel's questioning into the accuser's knowledge of attempts to use the summary conviction to endanger [Appellant's] employment?

II. Did the lower court commit reversible error when it sustained the Commonwealth's objections to the relevance of defense counsel's questioning concerning the efforts of both the accuser's son, who was [Appellant's] estranged husband, and the accuser to initiate frivolous legal claims against [Appellant] to obtain the upper hand in a contentious divorce?

Appellant's Brief at 4 (full capitalization omitted).

Both of Appellant's issues challenge the trial court's refusal to admit testimonial evidence. Questions concerning the admission of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. ***Commonwealth v. Baumhammers***, 960 A.2d 59 (Pa. 2008). Where a defendant's guilt or innocence depends on the

credibility of a Commonwealth witness, the defense "must be afforded the opportunity to demonstrate through cross-examination that the witness is biased." *Commonwealth v. Hyland*, 875 A.2d 1175, 1186 (Pa. Super. 2005). Even if the decision to exclude evidence was an abuse of discretion, a defendant must further demonstrate that it was not merely harmless error. *Commonwealth v. Fears*, 836 A.2d 52, 69 n.18 (Pa. 2003).

Upon review of the certified record, we conclude the trial court did not abuse its discretion in precluding the proffered questioning. We reach this conclusion based on the trial court's sound reasoning, which we adopt as our own:

> [Appellant] argues in her first assertion of error that the [c]ourt abused its discretion in precluding cross-examination questioning of Ms. Everetts regarding attempts by Ms. Everetts and her family to notify [Appellant's] employer of the harassment citation. The [c]ourt sustained the Commonwealth's objection, finding the evidence to be irrelevant because 1) the allegation made by defense counsel was that *someone* had sent a letter to [Appellant's] employer advising it of the citation; counsel asserted that he believed it was Mr. Everetts (not Ms. Everetts, the witness) who sent the letter; 2) the alleged communication occurred *after* the [harassment] citation was filed and therefore did not materially relate to the circumstances leading up to the incident or Ms. Everetts' credibility in recounting what happened; and 3) the [c]ourt already was aware of the strained relationships that existed among the several family members because of [the] divorce. The introduction of extrinsic evidence by defense counsel in an attempt to suggest that someone in the family had communicated the incident to [Appellant's] employer would have resulted in a trial within a trial which, given the meagre [sic] probative value of the evidence, would have [gone] beyond the reasonable scope of cross-examination. *See* Transc., at 14:10–15:23. The [c]ourt discerns no abuse of discretion in this ruling.

\* \* \*

- 4 -

[Appellant's] second assertion of error . . . relate[s] to the [c]ourt's preclusion of testimony from [Appellant] regarding other post-incident conduct by Ms. Everetts or other members of her family, including the PFA order and [Appellant's] husband's apparent attempt to file some type of action against [Appellant] in magisterial district court on the day in question. *See* Transc., at 28:14–30:15; 32:12–33:5. The [c]ourt found all of these matters to be irrelevant to the issues of whether [Appellant] committed a harassment and whether Ms. Everetts was a credible witness. Again, the [c]ourt was well aware of the relationship between [Appellant] and her husband's family and any motive that Ms. Everetts would have had to fabricate or color her testimony. The family interactions after June 11, 2017, the PFA, and [Appellant's] husband's trip to the magisterial district court all were extrinsic facts that, even if established, would not have elucidated the issue of Ms. Everetts' credibility to the [c]ourt. For those reasons, the [c]ourt sustained the Commonwealth's objections.

Finally, even if any or all of the [c]ourt's evidentiary rulings were in error, such errors were harmless and resulted in no prejudice to [Appellant].

> Harmless error exists where: (1) the error did not prejudice the defendant or the prejudice was *de minimus*; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Commonwealth v. Fears*, 836 A.2d 52, 69 n. 18 (Pa. 2003). [Appellant] was convicted after [a] non-jury trial. As the factfinder, the [c]ourt was aware of and considered the relationship between [Appellant] and the members of her husband's family and determined that Ms. Everetts' testimony was more credible and sufficient to prove the charge beyond a reasonable doubt. *See* Transc., at 45:13–47:1. Even had the additional facts been proven[,] that Ms. Everetts sent the charging documents to [Appellant's] employer and filed a PFA petition against Appellant, those facts alone would not have changed the

[c]ourt's credibility determinations; nor would have the circumstances surrounding [Appellant's] husband's activities at the magisterial district [c]ourt. Thus, to the extent that the [c]ourt's rulings resulted in legal error, they were harmless and non-prejudicial.

Trial Court Opinion, 4/11/18, at 5–7.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2018